UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WENZEL TAYLOR            )
                         )
    Plaintiff,           )
                         )    05-CV-2169  (RCL)
    V.                   )
                         )
TEAM BROADCAST, LLC      )
    Defendant.           )

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant, Team Broadcast Services, LLC, by and through undersigned counsel, Seyfarth Shaw LLP, hereby answers the Complaint of Plaintiff Wenzel Taylor ("Plaintiff" or "Taylor").  Defendant denies that Plaintiff has any claim against Defendant, and denies that Plaintiff sustained any damages on account of any action or omission by Defendant.

**VENUE AND JURISDICTION**

1.  Paragraph 1 states legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 1 of the Complaint.

2.  Defendant does not have knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 2 of the Complaint.

**THE PARTIES**

3.  Answering paragraph 3, on information and belief, Defendant admits the allegations in paragraph 3.

4.  Answering paragraph 4, Defendant does not have knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 4.

5. Answering paragraph 5, Defendant denies the allegation in paragraph 5 that it is a Washington, D.C. limited liability corporation with its principal place of business located at 4455 Connecticut Avenue, NW, Washington DC 20008. Defendant admits that it employs more than 15 people.

## **FACTS**

6. Answering paragraph 6, Defendant denies that Plaintiff's job title was "video operator." Defendant admits that Plaintiff was employed by Defendant beginning in December 2003, and admits that Plaintiff's employment ended on or about May 29, 2004, as his employment ended on May 28, 2004.

7. Answering paragraph 7, Defendant admits that Plaintiff informed Defendant that he had been diagnosed with sleep apnea, and denies that Plaintiff informed Defendant he "was undergoing" treatment for that condition.

8. Answering paragraph 8, Defendant denies that it transferred Plaintiff to a different job on or about May 21, 2004, and admits that Defendant terminated Plaintiff's employment on or about May 29, 2004 (specifically, on May 28).

9. Answering paragraph 9, Defendant denies the allegations in paragraph 9.

10. Answering paragraph 10, Defendant denies the allegation in paragraph 10 that it engaged in unlawful conduct. Defendant is without information to admit or deny, and therefore denies, the remainder of the allegations in paragraph 10.

11. Paragraph 11 contains legal declarations to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 11.

## COUNT I

12. Answering paragraph 12, Defendant reasserts and realleges its responses to paragraphs 1 through 11 in full herein.

13. Paragraph 13 states legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 13.

14. Answering paragraph 14, Defendant denies that Plaintiff is entitled to a jury trial.

15. All allegations not heretofore admitted or denied are specifically and fully denied.

## DEMAND FOR JURY TRIAL

Answering the separately-titled Demand for Jury Trial portion of the Complaint, Defendant admits that Plaintiff seeks a trial by jury, but denies that he is entitled to a jury trial.

Answering the untitled statement beginning "Wherefore," Defendant denies that Plaintiff is entitled to a jury trial, that Plaintiff has been injured or that he has suffered any damages as a result of any conduct on the part of Defendant. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any of the relief requested in his Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief may be granted.

2. All or a portion of Plaintiff's claims are barred by the applicable statute of limitations.

3. Any actions taken by Defendant toward Plaintiff were based on good cause, were not discriminatory in nature, and were taken in connection with legitimate, non-discriminatory, non-retaliatory business reasons that cannot be shown to be pretextual.

3

4. All or a portion of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

5. All or a portion of Plaintiff's claims are barred because he was not disabled, did not request or need a reasonable accommodation and, even if he did request a reasonable accommodation, such request was not denied.

6. Upon information and belief, Plaintiff's own conduct, omissions, and/or negligence bar his recovery.

7. Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute discrimination; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant. Defendant did not and does not authorize, condone, ratify or tolerate discrimination or retaliation, but instead prohibited and prohibits it, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior, or otherwise.

8. Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

9. Claims in Plaintiff's Complaint are barred by the election of remedies doctrine.

10. To the extent Plaintiff seeks punitive damages, they are barred because the alleged acts or omissions of the Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages.

11. Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable anti-discrimination and anti-retaliation laws.

12. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and res judicata.

13.     Defendant specifically reserves the right to amend this Answer to assert additional affirmative defenses and/or counterclaims as further investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1.      Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2.      The Court award Defendant costs and attorney's fees.

3.      The Court award Defendant such further relief as it deems necessary.

                                    Respectfully submitted,

                                    TEAM BROADCAST SERVICES, LLC

                                    By: _____/s/_____
                                    Peter Chatilovicz, Bar No. 210278
                                    Patricia E. McDonough, Bar. No. 479266
                                    SEYFARTH SHAW LLP
                                    815 Connecticut Avenue N.W. Suite 500
                                    Washington, D.C. 20006-4004
                                    Telephone: (202) 463-2400
                                    Facsimile:  (202) 828-5393

Dated:  November 14, 2005

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Defendant's Answer and Affirmative and Other Defenses was served by first class mail, postage prepaid, this 14th day of November, 2005 on:

Alan Lescht, Esq.
Alan Lescht and Associates, P.C.
1050 17th Street, N.W. Suite 220
Washington, D.C.  20036
Attorney for Plaintiff

_____/s/_____
Patricia E. McDonough

6