IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENZEL O. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-2169-RCL |
| ) | |
| TEAM BROADCAST, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION
FOR COURT-APPOINTED COUNSEL**

Defendant Team Broadcast, LLC ("Team"), by and through its undersigned attorneys, hereby submits its response to Plaintiff Wenzel Taylor's ("Plaintiff" or "Taylor") Second Motion for Court Appointed Counsel.

INTRODUCTION

At the outset, please note that Team is not opposed to the Court appointing Taylor an attorney if the Court determines that Taylor qualifies for such an appointment. However, because Taylor's motion falsely accuses Team of an "unethical approach" to this lawsuit, Team must file a response to clear the record. All that Team has done is contact Taylor, a *pro se* plaintiff, in writing to secure a date for his deposition. There is nothing remotely unethical about Team's conduct. In addition, given Taylor's apparent refusal to communicate with counsel for Team, Team respectfully renews its August 8, 2006 request for a status conference to advance this litigation.

BACKGROUND

This case has a long and tortured procedural history. In July 2004, Taylor originally filed a lawsuit under the District of Columbia Human Rights Act containing the same factual

allegations as in the above-captioned case in the Superior Court of the District of Columbia. That lawsuit was dismissed for lack of personal jurisdiction and, in fall of 2005, Taylor brought an Americans with Disabilities Act claim, based on the same factual allegations, against Team in the Superior Court of the District of Columbia. Team removed that case to this Court, where it became the above-captioned action.

Since November 2005, when Team removed this case, it has done everything possible to advance this litigation. It filed a Meet and Confer Report on December 5, 2005. It served written discovery in the winter of 2006. (Team did not receive any responses to its discovery requests until June of 2006, upon threat of sanction by the Court.) Team timely responded to Taylor's written discovery in April 2006.

In June 2006, after the Court granted Taylor's attorney's motion to withdraw, Team has tried to communicate directly with Taylor in attempt to receive complete discovery responses and to notice his deposition. However, rather than responding to counsel for Team's communications, Taylor has filed two motions with the Court indicating that he is not comfortable proceeding without representation. In fact, because Taylor has essentially refused to communicate with Team, Team filed a motion requesting a status conference on August 8, 2006. That motion has not been ruled on by the Court.

While Team's motion has been pending, it has continued to try and advance the litigation. On September 21, 2006, counsel for Team sent Taylor a letter asking for deposition dates in October and informing him of the potential consequences of not setting a date for deposition. Again, Taylor filed a motion with the Court rather than responding to the letter. In his motion, Taylor accused Team of being "unethical" for its attempts to communicate with him and indicates that he does not intend to communicate with counsel for Team.

DC1 30173619.1

ARGUMENT

Taylor has rebuffed Team's efforts to complete discovery in this case, although his *pro se* status does not excuse him from his discovery obligations.  *See Pack v. South Carolina Wildlife and Marine Resources Dep't.*, 92 F.R.D. 22 (D.S.C. 1981) (although the standards for *pro se* litigants are not as high as for attorneys, "[n]evertheless, he must meet certain standards.  Among these are a good faith attempt to comply with the rules of discovery").  Taylor cannot avoid being deposed in this case merely because he does not want to be a *pro se* litigant.  Certainly, it is not "unethical" for Team to try advance the litigation by contacting an unrepresented plaintiff to secure his deposition.[1]  Unless and until the Court grants Taylor's motion for the appointment of counsel, he is a *pro se* plaintiff and must participate in the litigation of the lawsuit that he brought against Team.

Given that Taylor does not want to communicate directly with counsel for Team and that this case has been pending on the Court's docket for nearly a year, Team respectfully renews its request for a status conference in this case.  During a status conference, the Court can set a schedule to allow for the completion of discovery, set a deadline for the filing of dispositive motions, and address any other outstanding items.

> Respectfully submitted,
>
> TEAM BROADCAST, LLC
>
> By:_____/s/_____
>    Jessica R. Hughes, DC Bar No. 468853
>    SEYFARTH SHAW LLP
>    815 Connecticut Avenue, NW  #500
>    Washington, DC  20006-4004
>    (202) 463-2400

Dated:  September 26, 2006

---

[1] Indeed, over time, Taylor's failure to participate in the discovery process could subject him to dismissal for failure to prosecute under Fed. R. Civ. P. 41.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendant's response to Plaintiff's Second Motion for Court Appointed Counsel was served via registered U.S. mail, postage pre-paid, this 26th of September 2006 upon the following:

>Wenzel O. Taylor
>2306 Ainger Place, SE
>Washington, DC  20020

                                                 /s/
                                     Jessica R. Hughes

DC1 30173619.1