# Defendant Team Broadcast, LLC - Motion for Summary Judgment

# Exhibit E – Taylor Interrogatory Responses

**Civil Action No. 05-2169 (RCL)**

**IN THE UNITED STATES DISTRICT COURT**
**FOT THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WENZELL TAYLOR** | ) | |
| Plaintiff | ) | |
| | ) | **Civil Action No. 1:05-2169 RCL** |
| **TEAM BROADCAST, LLC** | ) | |
| Defendendant | ) | |

**PLAINTIFFS RESPONSE TO DEFENDANTS SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS**

**INTERROGATORY No.1:**

Without regard to the manner by which the information has been obtained, identify each and every person who Plaintiff believes has knowledge of any facts in any way relating to any issue raised by the Complaint herein, by providing the name, address, home and business telephone numbers of such persons, a detailed description of the knowledge believed to be possessed by each such person relating to the issues contained in the Complaint, and identify all documents, if any, which each such person is believed to have examined or has in their possession relating to the issues raised by the Complaint.

**ANSWER:**

None

**INTERROGATORY No.2:**

For each individual identified in response to Interrogatory No. 1, *supra,* identify those, if any, who you have asked to testify in connection with this case.

ANSWER

None



**INTERROGATORY No.3:**

If you allege that you were denied a reasonable accommodation, identify each and every fact supporting any such allegation.

ANSWER:

Not related to the primary charge of being fired for reporting my disability, I several times verbally requested to be shielded from the extreme cold air emitted from the air conditioning vent directly overhead at my work station by draping a U. S. flag or anything of the Defendants choosing under the vent and above my head to redirect the cold air from blowing directly on me. Nothing was ever done to prevent the air blowing. Instead I was transferred to another workstation and task with the same conditions.

**INTERROGATORY No.4:**

Identify each and every fact that tends to support or rebut the allegations in your Complaint that you were "transferred" to a "different job" on or about May 21, 2004.

**ANSWER:**

After being ordered to stay off from work for two weeks until I had seen by my doctor, when I returned to work on 5/21/04 I was immediately informed that I had been reassigned to another task and work station.

**INTERROGATORY No.5:**

Identify each and every fact that tends to support or rebut the allegations in your Complaint that Defendant "has acted in bad faith, in reckless disregard of Plaintiffs' [sic] civil rights, and with malice."

**ANSWER:**

Defendant officially made charges against me of sleeping on the job even after confirmation that I was not even at work on that day. He claims a company consultant saw and reported me sleep at the workstation. When I confronted the consultant about the allegations he denied making any such statement or accusation.

Also, several times other supervisors "ordered" me away from my workstation in the guise that a supervisor would replace me at the station. Defendant (manager) would come alone and find the station unattended and reprimand me for not being at my workstation without regard of any explanation.

Even though the primary business of the company was to receive various news feeds from around the world and report the news, as far as I know I was the only person eventually prohibited from watching or listening to news feeds in the English language during down time when not on the air.

These are just a few odd things that occurred all the while I was being told I was doing nothing wrong, being told by the Director of Operations that I was the best man they had for the job and being commended for my job performance by colleagues and other superiors.

**INTERROGATORY No.6:**

Identify Plaintiffs disability and provide all facts which support Plaintiffs allegation in paragraph 4 of the Complaint that he is substantially limited in "one or more of [his] major life activities, including the ability to sleep and stay awake."

**ANSWER:**

Please see medical records.

**INTERROGATORY No.7:**

State all facts, which support Plaintiffs allegation in paragraph 9 of the Complaint that "Plaintiff was terminated from his job because he suffers from sleep apnea and/or because of his perceived disability."

**ANSWER:**

During an informal EEO hearing the Defendant was asked if the "only" reason he fired me was because I reported to him that I had been diagnosed with and would be treated for sleep apnea, he responded "yes".

**INTERROGATORY No.8:**

Identify, by providing the name, address and home and business telephone numbers, each and every person, who Plaintiff, his agents, representatives or other persons acting on his behalf have had conversations or communications with, or from whom written statements have been taken, which support or relate to the claims in the Complaint, including the dates of all such conversations or statements, and describe in detail the subject matter covered in each conversation or statement. Identify any documents memorializing such conversations, communications and written statements.

**ANSWER:**

None

**INTERROGATORY No.9:**

Identify, by providing the name, address and business telephone number, any expert whose services Plaintiff has engaged or plans to engage in this action, and provide:

(a) name, address and occupation;
(b) the qualifications of the expert including a list of all publications authored by the expert within the preceding ten years;
(c) the compensation to be paid to the witness;
(d) the subject matter on which each expert is expected to testify;
(e) the substance of all facts and opinions to which each expert is expected to testify; and
(f) a summary of the grounds for each opinion of each expert, including identifying all documents the expert reviewed.

**ANSWER:**

None at this time.

**INTERROGATORY No. 10:**

Identify any lawsuit, charge, bankruptcy or other legal action to which you have been a party and provide the type of action, parties, court or other forum in which the action was pending, the case or other identification number, date the action was initiated, and outcome. Identify any documents you have which memorialize, refer to or relate to this Interrogatory.

**ANSWER:**

Hospital Bills, CPAP Machine cost all currently outstanding.

**INTERROGATORY No. 11:**

Identify any workers' compensation claim to which you have been a party and provide the nature of the claim, employer, date of claim, injury or diagnosis, length of time for which you were not able to work, and benefits received. Identify any documents you have which memorialize, refer to or relate to this Interrogatory.

**ANSWER:**

CASE # 40-163-292

LONGSHORE & HARBOR WORKERS FUND

**INTERROGATORY No. 12:**

Identify each and every job or position Plaintiff has held with any employer, including any work as a consultant, independent contractor, or self employment, and each and every job or position applied for with any employer (regardless of whether Plaintiff was offered the job or position and regardless of whether Plaintiff accepted or rejected the offered job or position) during the period of May 1, 2004, to the present.

**ANSWER:**

None

**INTERROGATORY No. 13:**

Identify the amount and source of all income received during the period of January 1, 2004, to the present, including but not limited to any salary, wages, bonuses, commissions, disability payments (from public and/or private sources), workers' compensation benefits, unemployment benefits, payments received pursuant to the terms of any contract or agreement, proceeds realized from the sale of any personal or real property, court-ordered judgments, alimony, child support, or any other remuneration received from any source.

**ANSWER:**

$36 by-weekly of Workers Compensation from case in Interrogatory #11 and unemployment paid by Defendant.

**INTERROGATORY No. 14:**

Identify all physicians, nurses or other medical professionals who have ever treated, examined or otherwise evaluated Plaintiff for any reason since January 1, 2004, including but not limited to sleep apnea. For each such injury, illness or other medical problem for which you have seen a medical provider, please state: (a) the nature and symptoms of the injury, illness or medical problem; (b) the identity of the person(s) administering the treatment as well as the time and place of such treatment; (c) if the injury, illness or medical problem caused you to miss time from work, and if so, how much time you missed; and (d) the identity of all communications and documents which refer to, relate to or memorialize the injury, illness or medical problem.

**ANSWER:**

DR. CURIEL - RHUMATOLOGY AT G.W. MEDICAL FACULTY ASSOCIATES 9/05 741-2488

Currently being treated for SCIATICA NERVE problem by;

DR. FARHAT MERZER Primary Care Physician, Southeast Community Hospital (202) 574-7222

DR. OSIE Pain Management Clinic, Howard University Hospital (202) 865-6711

DR. DENNIS NUEROSURGERY, Howard U. Hospital (202) 865-3785

**INTERROGATORY No. 15:**

Please identify all work restrictions or activity restrictions any medical provider has given you since January 1, 2000. Identify the medical provider and the applicable dates. Identify all documents which memorialize, refer to or relate to the restrictions.

**ANSWER:**

None

**INTERROGATORY No.16**

Describe, in detail, each type and item of damage, loss or expense that Plaintiff seeks in this lawsuit, and for each, state the total dollar amount at which you value that type or item of damage, loss or expense, the specific method by which that amount was calculated, and the facts which support, relate to or evidence the type or item of damage, loss or expense. Identify any documents which evidence or support Plaintiffs claim for each type or item of damage, loss or expense.

**ANSWER:**

To be determined

**INTERROGATORY No. 17**

Identify each physical and/or mental health care provider *(e.g.* physician, counselor, psychologist, psychiatrist, therapist), and any other health care provider with whom Plaintiff has consulted or who has treated Plaintiff from January 1, 2000 to the present for the emotional pain and suffering alleged in paragraph 10 of the Complaint, and state the following: (a) the illness, injury, symptoms (physical or mental) or other reason(s) for which consultation or treatment was sought; (b) the diagnosis made by the health care provider; (c) the date(s) of each visit to, consultation with, treatment by, or counseling with the health care provider; (d) the treatment ordered or recommended by the health care provider, including, but not limited to, each and every medication prescribed and every diagnostic test performed; and (e) if Plaintiff contends that any illness, injury or symptoms were caused by the alleged acts of Defendant, its agents or employees, state the basis for Plaintiffs belief, and state which acts of Defendant, its agents or employees caused the illness, injury or symptoms.

**ANSWER:**

Dr. Saiid Zonozi, 1328 Southern Ave., S.E. D.C. 20032, (202) 563-5485 diagnosed the Plaintiff's "Sleep Apnea" on 5/19/04 and recommended treatment at the "Sleep Apnea" clinic at Provodence Hospital from Dr. Schibli. Please see medical reports from both doctors.

**INTERROGATORY No. 18:**

If Plaintiff believes Defendant of any Defendant has made any statement against, or any admission of wrongdoing, with respect to Plaintiffs claims against Defendant, identify the person who made such statement or admission and describe the statement or admission in detail, stating the specific nature of the admission and the circumstances under which it was made.

**ANSWER:**

During an informal EEO hearing the Defendant Mike Marcus was "directly" asked if the "only" reason he fired me was because I reported to him that I had been diagnosed with and would be treated for sleep apnea, he responded "yes".

W. O Taylor

**Wenzell O. Taylor**
**2306 Ainger Pl., S.E.**
**Washington, D.C. 20020**
**202 889-2989**
**SS#** [redacted]

**Dated: June 19, 2006**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the forgoing Plaintif's Objections and Responses to Defendant's First Combined Document Request and Interrogatories was served by certified mail, postage prepaid, this 19th day of June 2006, upon:

Jessica R. Hughes
SEYFARTH SHAW Attorneys, LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
Attorney for Defendant

W. D. Taylor