IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENZEL O. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  05-2169-RCL |
| ) | |
| TEAM BROADCAST, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Team Broadcast, LLC ("Team"), by and through its undersigned counsel and pursuant to the schedule ordered by the Court at the November 15, 2006 Status Conference, hereby submits reply in support of its motion for summary judgment on Plaintiff Wenzel Taylor's ("Taylor") complaint for discrimination in violation of the Americans with Disabilities Act ("ADA").[1]

**INTRODUCTION**

Contrary to Taylor's assertions in his "Plaintiff's Response to Defendant's Motion for Summary Judgment" ("Response"), Team has moved for summary judgment because the undisputed material facts entitle Team to judgment as a matter of law.  Team relies on the undisputed facts found in the record and the case law, not any "de facto standard" (Response at 2) in its motion and supporting materials.  Taylor's Response misapprehends the facts and the law because his doctor's note is not proof of a disability nor is his job performance – when awake – at issue.  Further, Taylor cannot use an affidavit in contradiction to his sworn deposition

---

[1] The Court has scheduled a hearing on this motion for Wednesday, January 31, 2007 at 4:30 pm.

testimony in an effort to create a disputed material fact. Accordingly, the Court should grant Team's motion for summary judgment.

## ARGUMENT

I.   TAYLOR IS NOT DISABLED UNDER THE ADA.

Taylor is not disabled under the ADA because he is not substantially limited in a major life activity. Taylor calls his May 2004 doctor's note "medical verification of Plaintiff's disability" (Response at 1), but there is nothing in the note to establish that Taylor is "disabled" as defined by the law. As Team noted in its motion for summary judgment, Team's mere knowledge that Taylor suffered from sleep apnea or its request that Taylor obtain a note from his doctor does not prove that Taylor was disabled or that Team regarded Taylor as disabled. *See Weigert v. Georgetown University,* 120 F. Supp. 2d 1, 13 and *Mitchell v. National Railroad Passenger Corp.*, 407 F. Supp. 2d 213, 239 (D.D.C. 2005). Taylor has no other alleged evidence of his disability. Thus, Taylor cannot maintain an ADA claim when there is no record evidence verifying that Taylor was disabled (or regarded as disabled).

II.  TAYLOR'S JOB PERFORMANCE IS NOT MATERIAL.

In the Response, Taylor notes his belief that his work performance was acceptable (or even exceptional). (Response at 1). However, Taylor's work performance – when awake – has never been the issue in this case. Rather, Team terminated Taylor's employment for sleeping (and appearing to sleep) on the job. That misconduct is entirely unrelated to Taylor's technical ability to do his job and is a legitimate, non-discriminatory reason for why Team ended Taylor's employment. Taylor was an at-will employee, meaning Team had the ability to discharge Taylor for sleeping on the job, regardless of other aspects of Taylor's job performance. That Team never "counseled, reprimanded, demoted, or criticized for disciplined in any way because of the quality, knowledge or skills of his technical performance" (Response at 1) is an unremarkable,

2

immaterial fact that has no relevance to the reason that Team has consistently given for its decision.

III.     TAYLOR'S AFFIDAVIT DOES NOT CREATE A DISPUTE OF MATERIAL FACT.

Taylor has submitted an affidavit that purports to admit and deny portions of Team's Statement of Material Facts Not in Dispute ("SOMF").  However, Taylor cannot use a later affidavit to contradict prior sworn deposition testimony in an effort to create a disputed material fact.  *See Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 8-9 (D.D.C. 2006) (disallowing later affidavits because greatly diminishes the value of the summary judgment mechanism) (internal citations omitted); *see also Thompson v. Islam*, 2005 WL 3262926 (D.D.C. 2005) (plaintiff cannot create issue of material fact and thereby defeat summary judgment with later self-serving affidavit) (internal citations omitted).  Team's SOMF straightforwardly cited Taylor's sworn deposition testimony.  He cannot now disavow that testimony in an effort to stave off summary judgment.

Further, in his Affidavit Taylor admits to facts that compel dismissal of this case.  Taylor admits to SOMF 31:  he was never limited in his ability to perform his job.  Thus, Taylor is estopped from alleging he is disabled under the ADA.  Taylor also admits to SOMF 21 and 22: that he slept on the job.  Thus, the record is clear that Team had a non-pretextual, legitimate, non-discriminatory reason for terminating Taylor's employment.  Nothing in either Taylor's Response or Affidavit creates a genuine issue of fact or law and the Court should grant Team's motion for summary judgment.

## **CONCLUSION**

For all the foregoing reasons and for the reasons stated in Team's motion for summary judgment and supporting materials, Team respectfully requests that the Court grant its motion, enter judgment in its favor, and dismiss the complaint with prejudice.

                                              TEAM BROADCAST, LLC


By: _____/s/_____
    Jessica R. Hughes, DC Bar 468853
    Eric J. Janson
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, NW, Suite 500
    Washington, DC  20006-4004
    (202) 463-2400
    Counsel for Defendant Team Broadcast, LLC

Dated:  January 25, 2007

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Defendant's Reply in support of its Motion for Summary Judgment was served via overnight delivery (Federal Express) this 25th of January 2007 upon the following:

> Wenzel O. Taylor
> 2306 Ainger Place, SE
> Washington, DC  20020

                                                      /s/
                                          Jessica R. Hughes

DC1 30187978.1