IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON

WENZEL O. TAYLOR,               )
                                )
        Plaintiff,               )
                                )
v.                              )   Case No.: 05 CV 2169 (RCL)
                                )
TEAM BROADCAST, LLC,            )
                                )
        Defendant.               )
_____)

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT**

Defendant Team Broadcast, LLC ("Team"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 7 and LCvR 7.1, hereby moves the Court to reconsider its April 23, 2007 order denying Team's Motion for Summary Judgment. The Court found that there disputed material facts precluding it from awarding summary judgment to Team. However, in so finding, the Court reversed the burden of proof and wrongly held Team to proving a negative. Applying the burden of proof properly – that is on Plaintiff Wenzel Taylor – the undisputed record evidence shows that Plaintiff has no evidence of a disability under the Americans with Disabilities Act or that his termination from employment was otherwise unlawful. Accordingly, the Court should reconsider its April 23, 2007 order and award summary judgment to Team. In further support thereof, Team respectfully refers the Court to its accompanying Memorandum of Points and Authorities.

WHEREFORE, Team respectfully requests that the Court grant its motion for reconsideration and award it summary judgment on Plaintiff's Complaint.

Respectfully submitted,

TEAM BROADCAST, LLC

By: _____/s/_____
    Jessica R. Hughes, DC Bar No. 468853
    Eric J. Janson
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, NW, #500
    Washington, DC  20006-4004
    (202) 463-2400

Dated:  May 3, 2007

DC1 30197549.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON

| | |
|---|---|
| WENZEL O. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05 CV 2169 (RCL) |
| ) | |
| TEAM BROADCAST, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT**

Defendant Team Broadcast, LLC ("Team"), by and through its undersigned counsel, hereby submits its memorandum of points and authorities in support of its motion for reconsideration of the Court's April 23, 2007 order denying Team summary judgment.

**INTRODUCTION**

Plaintiff Wenzel Taylor ("Taylor") sued his Team, his former employer, for allegedly violating the Americans with Disabilities Act ("ADA") based on Taylor's diagnosis of sleep apnea. After a full course of discovery, Team moved for summary judgment on two basic grounds: (1) there was no record evidence of Taylor being substantially limited in a major life activity; and (2) there was record evidence of Taylor having slept on the job, which disqualified him from employment with Team, either as a disciplinary matter or as an inability to perform an essential function of his job.

However, in rendering its decision, the Court wrongly reversed the burden of proof. For example, it held, that "[t]he defendant has not shown there is no evidence that plaintiff had a disability under the ADA because a question of fact exists as to whether sleep apnea would 'substantially limit' plaintiff's major life activities." (Mem. Op. at 5). The proper analysis is

3

whether Taylor has come forward with any evidence to create a disputed material fact that he is, in fact, disabled or could perform the essential functions of his job. Given that Taylor's own testimony is that he is not limited in any way whatsoever by his sleep apnea, he cannot show any substantial limitation or that any reasonable accommodation was required or even possible.

The Court also failed to take into account that Taylor fully admitted sleeping on the job. Thus, the dates on which he was sleeping are not material. Team is an at-will employer and had every right to terminate the employment of an employee who slept on the job – or whom it perceived to be sleeping on the job. Because Team was lawful in its termination of Taylor's employment, he has no viable claim under the ADA.

## ARGUMENT

I. THE COURT ERRONEOUSLY REVERSED THE BURDEN OF PROOF.

Throughout its Memorandum Opinion, the Court placed the burden of proof on Team to show that Taylor was not substantially limited under the ADA (Mem. Op. at 5), that he could not perform the essential functions of his job (Mem. Op. at 6), or that he could have been reasonably accommodated (Mem. Op. at 7). However, at all times the burden of proof is on Taylor, the plaintiff, to establish that he was a qualified individual under the ADA. *See Castle v. Bentsen*, 867 F. Supp. 1 (D.D.C. 1994), *aff'd* 78 F.3d 654 (D.C. Cir. 1996) (demonstrating disability requires "more than a showing that plaintiff has a blood condition which may cause" drowsiness; rather plaintiff must *present evidence* that the condition substantially limits a major life activity) (emphasis added).

A. Taylor Has No Evidence That He Was Disabled.

Taylor has no evidence that he was a qualified individual with a disability. Indeed, Taylor's own deposition testimony is replete with evidence that he was not limited at all, let

alone substantially limited, by his sleep apnea.[1] *See* Taylor Dep. at 19, 34-36, 47, 71, 107-109, 118-119, 133, 145 (**Q: "Are you limited in any way by your sleep apnea?" A: "No.**), 155. (Team filed Taylor's complete deposition transcript with the Court previously.) Moreover, contrary to the Court's statement in footnote 1, the ADA does not require expert medical testimony to disprove the existence of a disability when the plaintiff has himself provided evidence that he is not substantially limited by a physical or mental impairment. *See Duncan v. Washington Metropolitan Transit Authority*, 240 F.3d 1110, 1116-1117 (D.C. Cir. 2001) (expert evidence, **although** instructive, not necessary to establish someone is substantially limited. With this record evidence, there is no genuine material fact that Taylor was substantially limited in a major life activity; he was not. Thus, the Court, by placing the burden to prove a negative (on Team), came to the wrong result. The Court should therefore reconsider its decision and find that Taylor cannot show the existence of a material fact relating to whether he is substantially limited in a major life activity.

B.   Taylor Did Not Perform The Essential Functions Of The Job.

Taylor fully admitted to sleeping on the job, both to his doctor and to the Court. It is an essential function of Taylor's position to stay awake. Thus, regardless of the reason for falling asleep at work – a hard night partying, boredom, sleep apnea – an employee who sleeps at work cannot perform the essential functions of the job and is not protected by the ADA. Further,

---

[1] It is also worth noting that Taylor's own doctor noted that the sleep apnea was either caused or aggravated by Taylor's smoking habit and his obesity. *See* Taylor Dep. at 136-137. Neither cigarette smoking or obesity are disabilities under the ADA. *See, e.g.*, Appendix to 29 C.F.R. § 1630.2(h) & (j) (except in rare circumstances, obesity not disabling impairment) and *Andrews v. Ohio*, 104 F.3d 803 (6th Cir. 1997) (excessive weight was physical characteristic, not physical impairment); and *Stevens v. Inland Waters, Inc.*, 220 Mich. App. 212 (Mich. App. 1996) (nicotine addiction not a disability). Thus, the sleep apnea may have only been a symptom, not an impairment.

Team is free to set the standards for its employees, and the Court cannot find a question of material fact when Team has articulated its standard: employees must stay awake and Taylor has admitted to not meeting this requirement. *See* Taylor Dep. at 56.

    C.    <u>There Is No Material Issue Of Fact Regarding Any Reasonable Accommodation.</u>

The Court also mistakenly found that there was a material fact regarding reasonable accommodation because "the full extent of his condition, and its ramifications for his work and life, were not yet known." (Mem. Op. at 7). This statement is in complete disregard for the record evidence. The ramifications of Taylor's sleep apnea were known: as Taylor himself said, there were none. His own doctor did not place him on any limitations or restrictions for Team to try to accommodate.

Moreover, reasonable accommodation is an interactive process that requires participation from the employee. *See Flemming v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999) (plaintiff-employee assumed to have requested accommodation and been denied by defendant-employer) and *Becker v. Gallaudet Univ.*, 66 F. Supp. 2d 16, 22 (D.D.C. 1999) (no duty by employer under ADA to provide *unrequested* accommodations) (emphasis added). Taylor testified that he never requested any accommodation:

> Q:    At any time, did you inform anyone at Team that the there was a portion of your job that you could not perform or needed help performing?
>
> A:    Nope.
>
> Q:    Did you ever ask for any sort of accommodation because you worked in the dark or you were sleepy or you were having problems staying awake?
>
> A:    No.

Taylor Dep. at 82 – 83, 168 – 169 (*see also* Taylor Dep. at 111). Thus, without participation from Taylor, there can be no genuine issue of fact regarding a reasonable accommodation.

In addition, Taylor himself admitted there was *no* reasonable accommodation to enable him to perform the essential functions of a Master Control Operator. The master control room must stay dark and quiet: "there is no accommodation." Taylor Dep. at 169. Where Taylor has admitted (1) he is not limited in any way; (2) never requested, explicitly or implicitly, a reasonable accommodation; and (3) that no such reasonable accommodation existed, there is no material fact at issue. Thus, the Court should reconsider and grant summary judgment to Team.

II. THE COURT MISTAKENLY FAILED TO CONSIDER TAYLOR'S ADMITTED SLEEPING ON THE JOB.

The Court found a disputed material fact as to whether Taylor was sleeping on the job May 19, 2004. (Mem. Op. at 8). However, where Taylor admitted to his doctor and this Court that he slept on the job, the dates of such sleeping are not material. Taylor admitted that sleeping, or even the appearance of sleeping, on the job was in violation of Team's standards of conduct. Taylor Dep. at 56. As an at-will employer, Team could terminate Taylor for this violation of policy or even his perceived violation of the policy. This is particularly true where Taylor is not covered by the ADA because he was not a qualified individual with a disability.

## CONCLUSION

For all the foregoing reasons and for the reasons stated in Team's original motion for summary judgment and supporting materials, Team respectfully requests that the Court reconsider its April 23, 2007 order and award Team summary judgment.

Respectfully submitted,

TEAM BROADCAST, LLC

By: _____/s/_____

                                            Jessica R. Hughes, DC Bar No. 468853
                                            Eric J. Janson
                                            SEYFARTH SHAW LLP
                                            815 Connecticut Avenue, NW, #500
                                            Washington, DC  20006-4004
                                            (202) 463-2400

Dated:  May 3, 2007

DC1 30197549.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENZEL O. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05 CV 2169 (RCL) |
| ) | |
| TEAM BROADCAST, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Upon consideration of Defendant Team Broadcast's ("Team") Motion for Reconsideration of the Court's Order Denying Summary Judgment, Team's Memorandum of Points and Authorities in support thereof, and any Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED that Team's Motion for Reconsideration is GRANTED; and it is further

ORDERED that Team's Motion for Summary Judgment is GRANTED; and it is further

ORDERED that Plaintiff's Complaint is dismissed with prejudice; and it is further

ORDERED that judgment is entered in favor of Team.

SO ORDERED.

_____
Judge Royce C. Lamberth
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Reconsideration of the Court's Order Denying Summary Judgment, memorandum of points and authorities in support thereof, and proposed Order were served via overnight delivery (Federal Express) this 3rd of May 2007 upon the following:

>Wenzel O. Taylor
>2306 Ainger Place, SE
>Washington, DC  20020

_____/s/_____
Jessica R. Hughes