UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WENZEL O. TAYLOR,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-2169 (RCL) |
| **TEAM BROADCAST, LLC,** | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Upon consideration of defendants' Motion for Reconsideration [26], the Motion will be **granted**. The original Motion for Summary Judgment [20] will be **denied without prejudice** pending an opportunity for counsel for Mr. Taylor to enter an appearance.

**I.   Background**

Wenzel Taylor was hired by Team Broadcast Services ("Team") in December 2003. During his first four months with Team, Mr. Taylor was observed appearing to sleep at his desk, which was in a near-dark room with television monitors. After a discussion with Team management, Mr. Taylor was seen by a physician who diagnosed him with sleep apnea. Mr. Taylor informed Team of his condition soon thereafter. Mr. Taylor was fired on May 28, 2004, allegedly in response to two additional incidents where he was seen sleeping on the job, though Mr. Taylor denies that these incidents took place.  Mr. Taylor originally filed this suit in D.C. Superior Court on September 23, 2005 and Team removed it to this Court on November 4, 2005. After difficulties with discovery, Team filed a motion for summary judgment on December 18, 2006. That motion was denied on April 23, 2007 and this Court decided to appoint counsel for

Mr. Taylor so that the case could proceed. Team filed this motion for reconsideration of the summary judgment decision on May 3, 2007.

## II.     Legal Standard

Team is correct that this Court wrongly applied precedent and misallocated the burden of proof when it decided the motion for summary judgment. In holding that Team, the defendant, had the burden of demonstrating that Mr. Taylor was *not* disabled, this Court incorrectly concluded that Team had not met its burden and that summary judgment should be denied. It is Mr. Taylor who has the burden of showing all the elements of a valid claim under the Americans with Disabilities Act ("ADA") in order for the suit to go forward; the defendant need only show a failure on one of the elements to prevail on summary judgment.

The correct standard is that the plaintiff must establish that:

1) He is disabled under the terms of the ADA, meaning that
    a. He has a mental or physical impairment causing him to be 'substantially limited' in performing a 'major life activity',
    b. He has a record of such an impairment, or
    c. He was regarded as having such an impairment;
2) He was otherwise qualified to perform his duties with or without reasonable accommodation; and
3) He was fired for his disability.

*Swanks v. Washington Metro. Area Transit Auth.*, 179 F.3d 929, 934 (D.C. Cir. 1999).  Once the plaintiff has done so, the court shifts to the second part of the traditional *McDonnell-Douglas* framework, requiring the defendant to articulate a legitimate, non-discriminatory reason for his

actions. *Id* at 933. If the employer can provide a justification, the plaintiff must produce evidence showing that the proffered explanation is pretext for discrimination. *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).

**III.   Discussion**

Because this Court was incorrect in its application of the standard for summary judgment, it was wrong to deny the motion outright. This Court does, however, stand by its decision to appoint counsel for Mr. Taylor and allow the suit to continue, as he "has demonstrated a sufficient likelihood of success on the merits" to warrant the assistance of counsel. (Memorandum Opinion [25]). This Court is concerned over delving too deeply into the merits of this case, given Mr. Taylor's lack of counsel, so despite its mistake in applying the summary judgment standard, the Court declines to reconsider the merits of the motion here. Instead, this Court will deny the summary judgment motion without prejudice so as to allow a new attorney to meet and confer with Mr. Taylor and file a new opposition brief.  At that point, this Court will reconsider the merits of Team's summary judgment motion.

**III. Conclusion**

For the foregoing reasons, this 20th day of August, 2009,

The Motion for Reconsideration [26] will be **GRANTED**.

The Motion for Summary Judgment [20] will be **DENIED WITHOUT PREJUDICE.**

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on August, 2009.

3